In the Matter of Deborah GRIFFIN.

No. 3, Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

July 29, 1997.

## ORDER

PER CURIAM:

AND NOW, this 29th day of July 1997, upon consideration of the Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated June 10, 1997, the Petition for Reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement.

CASTILLE, J., did not participate in this matter.

---

7. Similar to Appellant herein, the defendant in *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976) claimed that even if none of the alleged errors in his case, taken individually, compelled a new trial, the collective effect of the errors did warrant a new trial. In rejecting that claim, this Court stated:

> [a]lthough a perfectly conducted trial is indeed the ideal objective of our judicial process, the conditions of the present day." *Holt v. United States*, 218 U.S. 245, 251, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910) ((Holmes, J., writing for the Court), *quoted in Commonwealth v. Maloney*, 409 Pa.Super. 516, 528, 598 A.2d 543, 548–49 (1991), *appeal denied*, 529 Pa. 668, 605 A.2d 333 (1992)).

> defendant is not necessarily entitled to relief simply because of some imperfections in the trial, so long as he has been accorded a fair trial. 'A defendant is entitled to a fair trial but not a perfect one.' *Commonwealth v. Hill*, 450 Pa. 477, 480–81, 301 A.2d 587, 590 (1973) (quoting *Lutwak v. United States*, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593 (1953)). *Davis*, 466 Pa. at 117, 351 A.2d at 649 (quoting *Commonwealth v. Martinolich*, 456 Pa. 136, 162–63, 318 A.2d 680, 695, *cert. denied*, 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974)) (footnote omitted); *see also Rose v. Clark*, 478 U.S. 570, 579, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986); *Commonwealth v. Rashed*, 496 Pa. 26, 35, 436 A.2d 134, 139 (1981). We find these words equally applicable in the instant case.